**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CHARLES A. WINSTON,
ADC #84733                                                                                          PLAINTIFF

v.                                           5:15CV00307-BRW-JTK

LUCRETIA R. JACKSON, et al.                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.
        3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Winston is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction (ADC).  He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging retaliatory discipline and denial of access to the Courts.  The Court granted his Motion to Proceed in forma pauperis by Order dated October 13, 2015 (Doc. No. 4)

Pending before the Court is the Defendants' Motion for Relief to Revoke Plaintiff's in forma pauperis status and Stay Proceedings (Doc. No. 16).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 25) and Defendants filed a Reply (Doc. No.27).

## I.     Motion to Revoke

Defendants ask the Court to revoke Plaintiff's in forma pauperis status, (and require him to pay the $400 filing fee for this action),based on his status as a three striker within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).  In support, they state that Plaintiff filed three prior lawsuits which were dismissed for failure to state a claim, and therefore, constitute strikes within the meaning of the statute.  Those cases are: Winston v. Clark, 5:12CV00430-JLH,

Winston v. Johnson, 4:02CV00798-JMM, and Winston v. Burl, 2:14CV00001-DPM.  Although the dismissal of the third case did not specifically state that it was a "strike," Defendants state it should be considered as such because it was dismissed for failure to plead a § 1983 claim.  Winston v. Burl, 2:14CV00001, Document No.12.  Defendants also state that the fact that the Court did not specifically denote the dismissal as a strike is not essential, because "whether the court entering a dismissal calls it a strike is merely a 'housekeeping matter;' it is for the court granting or denying leave to proceed in forma pauperis to determine whether a dismissal counts as a strike under § 1915(g)."  Smith v. Milwaukee Secure Det. Facility, No. 09-CV0432, 2010 WL 960012 *2 (E.D. Wis.) (citing Gleash v. Yuswak, 308 F.3d 758, 761-2 (7th Cir. 2002).  Finally, Defendants state that Plaintiff does not meet the imminent danger exception to the three strikes rule, because he complains about an action that occurred in the past, and does not allege imminent danger of serious physical injury.

In Response, Plaintiff states that the PLRA specifically states that dismissals are to be counted as strikes only for frivolousness, maliciousness or failure to state a claim, and the dismissal in Winston v. Burl did not specifically mention any of those grounds.  He also claims he has not exhausted or waived his appeal in that case, because his documents are missing and possibly were destroyed by Defendants.  He claims he was assaulted as recently as August, 2015, and asks the Court to provide him an additional 120 days in which to pay the filing fee.

In Reply, Defendants state that United States District Court Judge D. P. Marshall clearly found in Winston v. Burl that he had no claim for relief, and that he "has not pleaded § 1983 claims."  Document No. 12.  Furthermore, the district court is not required to make the determination of whether a case will count as a future strike, but rather, it is "for the court granting

or denying leave to proceed in forma pauperis to determine whether a dismissal counts as a strike

under § 1915(g)." Smith, 2010 WL 960012 *2.

In Winston v. Burl, Plaintiff complained that prison officials destroyed his property in

retaliation for filing a lawsuit against them, and filed an action with the Arkansas State Claim

Commission prior to filing his § 1983 action.  In ordering dismissal of the action, Judge Marshall

stated, "In any event, he has not pleaded § 1983 claims; he has, instead pleaded state-law claims for

conversion." Document No. 12.  In addition, in an Order denying Winston's post-judgment Motion

for Relief, Judge Marshall wrote that "Winston's claim was one for conversion which was not

properly before this Court." Document No. 15.  And finally, in affirming the dismissal of Winston's

claims, the United States Court of Appeals for the Eighth Circuit held as follows:

> The district court correctly decided that Winston failed to state a procedural due
> process claim based on the destruction of his property because Arkansas provided
> an adequate post-deprivation remedy...., and to the extent the complaint raised timely
> claims against Lynette Dickerson based on retaliation, denial of access to the courts,
> or violations of prison policies, remand is unnecessary because the allegations failed
> to state a claim,...

No. 14-2925, March 17, 2015.  Winston v. Burl, Document No. 22.

Therefore, in light of both Judge Marshall's dismissal Order and the Eighth Circuit's

affirmation of such, this Court finds that the dismissal of Winston v. Burl did constitute a strike

within the meaning of 28 U.S.C. § 1915(g), even though the Court did not specifically denote it as

such.  Furthermore, the Court finds that Plaintiff's present allegations of an retaliatory disciplinary

action and denial of access to the courts do not fall within the imminent danger of serious physical

injury exception to the three strikes rule.  And finally, the Court should not stay this action pending

Plaintiff's payment of the filing fee.  Rather, this action should be dismissed without prejudice, the

October 13, 2015 Order granting his Motion to proceed in forma pauperis should be revoked, and

he should be permitted to re-file this action upon payment of the full $400 filing fee.

## II.     Conclusion

IT IS,  THEREFORE, RECOMMENDED that:

1.      Defendants' Motion for Relief to Revoke Plaintiff's in forma pauperis status (Doc. No. 16) be GRANTED.

2.      This Court's October 13, 2015 Order granting Plaintiff's Motion to Proceed In Forma Pauperis be REVOKED.

3.      Plaintiff's Complaint be DISMISSED without prejudice.

4.      All pending Motions be DENIED as moot.

5.      Should plaintiff wish to continue this case, he shall submit the statutory filing fee of $400 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, along with a motion to reopen the case.  Upon receipt of the motion and full payment, the case will be reopened.

6.      Any monies deducted from Plaintiff's inmate account pursuant to the October 13, 2015 Order, be refunded to Plaintiff's account.

IT IS SO RECOMMENDED this 23rd day of November, 2015.

_____

     JEROME T. KEARNEY
     UNITED STATES MAGISTRATE JUDGE